**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| GARY GAROUTTE, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civ. No. C-06-313 |
| | § | |
| UNITED STATES OF AMERICA. | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**
**DISMISSING PETITION WITHOUT PREJUDICE**

Pending before the Court is Gary Garoutte's ("Garoutte") petition for relief pursuant to 28 U.S.C. § 2241.  The petition was originally received by the Clerk on July 10, 2006, and was styled as a letter addressed to the Court.  Although Garoutte was convicted and sentenced in this Court, his letter challenges the Bureau of Prison's computation of his sentence.  Accordingly, his motion was properly docketed as a § 2241 petition. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration")(citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

A § 2241 petition must be filed in the district in which the petitioner is incarcerated.

1

See Pack, 218 F.3d at 451.   According to his letter, Garoutte is currently incarcerated at Federal Correctional Institution Englewood in Littleton, Colorado, which is located in the District of Colorado.   Thus, assuming he remains incarcerated in Littleton, Defendant should file any § 2241 petition in that court.[1]

This Court does not have jurisdiction to address Defendant's § 2241 motion, nor should it transfer a petition it does not have jurisdiction over.  Rather, the Court is required to dismiss the motion without prejudice.  Lee v. Wetzel, 244 F.3d 370, 375 & n.4 (5th Cir. 2001).  Accordingly, Defendant's motion is DISMISSED WITHOUT PREJUDICE to his ability to file a § 2241 petition in the appropriate district court.  See Pack 218 F.3d at 454 (citing Fed. R. Civ. P. 41(b)).  Additionally, the Clerk is instructed to mail blank forms for filing a § 2241 motion to Defendant.

It is so ORDERED this 9th day of August 2006.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[1] The law also requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence.  United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992).  Defendant's motion does not indicate whether he he has fully exhausted his administrative remedies.  He would need to so allege in any § 2241 petition he files.